```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
TYCO INTERNATIONAL LTD.,                 :
                                         :
                    Plaintiff,           :    02 Civ. 4633 (DLC)
                                         :
          -v-                            :       MEMORANDUM
                                         :     OPINION & ORDER
FRANK E. WALSH, JR.,                     :
                                         :
                    Defendant.           :
                                         :
----------------------------------------X
```

APPEARANCES:

For plaintiff:

Anne Whittemore
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

For defendant:

Michele Pahmer
Stroock & Stroock & Lavan, L.L.P.
180 Maiden Lane
New York, NY 10038-4982

DENISE COTE, District Judge:

By letter dated July 27, 2010, plaintiff Tyco International Ltd. ("plaintiff") seeks an order directing defendant Frank Walsh ("defendant") to produce information concerning his net worth in connection with plaintiff's punitive damages claim, including the net worth of his spouse and the assets held by any family trusts. At a July 29 teleconference held on the record, counsel for both parties were heard on plaintiff's application.  Defendant seeks to postpone any discovery of these issues until after a verdict

is rendered in the non-jury trial scheduled for October 5.

A defendant's net worth is only relevant if there is a finding that punitive damages should be awarded.  See Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 266 (2d Cir. 1999) ("Evidence of wealth . . . is generally inadmissible in trials not involving punitive damages." (citation omitted)).  Issues of punitive damages are typically bifurcated from issues of liability.  Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 15 (2d Cir. 1988).  As the Second Circuit has observed:

> Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all.

Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 373-74 (2d Cir. 1988).  Because the issue of punitive damages may never arise, discovery on defendant's net worth is not yet strictly necessary.

Furthermore, even if it is determined at trial that punitive damages are warranted in this case, discovery concerning defendant's net worth may not be required if defendant does not attempt to use his financial circumstances to limit the size of the award.  "Under well established precedent in this Circuit, it is the defendant's burden to show that his financial circumstances warrant a limitation of the award."  Patterson v.

2

Balsamico, 440 F.3d 104, 122 (2d Cir. 2006) (citation omitted); see also Smith, 861 F.2d at 373.  Because plaintiff will only be seeking narrow categories of compensatory damages at trial, and any award of punitive damages that plaintiff might win would necessarily be cabined by its relationship to the amount of compensatory damages, see Patterson, 440 F.3d at 120, it is not clear that the defendant will invoke his financial circumstances as a defense.  Thus, it would be premature to force the defendant to produce his net worth information at this time.  If necessary, plaintiff will have an opportunity to obtain discovery on the defendant's financial circumstances as part of any post-trial discovery.  Since the trial in this matter is a bench trial, no jury will be burdened by any delay occasioned by this discovery period.

At the July 29 teleconference, plaintiff's counsel suggested that the defendant's refusal to produce information concerning his net worth might hamper settlement discussions.  There is no reason why this should be the case.  Evidence of the defendant's net worth would be but one factor in determining the ultimate size of any punitive damages award, if it is considered at all. Before the defendant's financial circumstances would even be considered, a punitive damages award could not be so "grossly excessive" that it constitutes "an arbitrary deprivation of property."  State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 417 (2003); see also BMW of N. Am., Inc. v. Gore, 517 U.S.

3

property." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 417 (2003); see also BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574-85 (1996) (setting forth three categories of factors to be considered in assessing the validity of a punitive damage award); Patterson, 440 F.3d at 120.  These guideposts provide sufficient parameters to steer any settlement discussions between the parties.

## CONCLUSION

Plaintiff's July 27, 2010 application to take discovery of the defendant's net worth prior to the October 5 trial is denied.

SO ORDERED:

Dated:   New York, New York
         July 30, 2010

_____
DENISE COTE
United States District Judge