```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TYCO INTERNATIONAL LTD.,                 :
                Plaintiff,               :
                                         :    02 CIV. 4633 (DLC)
          -v-                            :
                                         :    OPINION & ORDER
FRANK E. WALSH, JR.,                     :
                Defendant.               :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiff:

Elizabeth F. Edwards
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219

For Defendant:

Michele Pahmer
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

DENISE COTE, District Judge:

  This action concerns defendant Frank Walsh's ("Walsh") alleged breach of fiduciary duty based on certain conduct while he was a director of plaintiff Tyco International Ltd. ("Tyco"). Walsh moves to enjoin Tyco from pursuing a counterclaim against him in a separate state court action for breach of fiduciary duty based on the same conduct at issue here. For the following reasons, the motion is denied.

BACKGROUND

Tyco filed the complaint in this action on June 17, 2002. The complaint asserts various claims against Walsh, a former director of Tyco, including a claim for breach of fiduciary duty. Tyco's breach of fiduciary duty claim is predicated on Walsh's acceptance of, and subsequent refusal to return, a $20 million "finder's fee" in connection with Tyco's acquisition of C.I.T. Group, Inc (the "Walsh Payment"). The complaint alleges that Walsh "is therefore liable to Tyco for <u>all the loss</u> suffered by the Company as a result of Walsh's conduct, including his refusal in January 2002 to return the funds in question." (Emphasis added.)

On April 1, 2010, this action was remanded by the Judicial Panel on Multidistrict Litigation from the District of New Hampshire. A bench trial is scheduled to begin on October 5. At a pretrial conference on June 17, Walsh argued that Tyco should be precluded pursuant to Rule 37(c), Fed. R. Civ. P., from presenting evidence of its damages at the trial due to Tyco's failure to disclose information during the discovery period concerning the basis and amount of its purported damages. A hearing on Walsh's application was held on July 6.

At the July 6 hearing, Tyco's counsel indicated that Tyco was seeking the following three categories of damages: (1) interest; (2) consequential damages; and (3) punitive

damages.  With respect to consequential damages, Tyco represented that it was seeking only certain attorneys' fees and costs incurred in connection with (1) the instant litigation; (2) an investigation of the Walsh Payment conducted by the law firm of Boies Schiller & Flexner LLP (the "Boies Schiller investigation"); and (3) Tyco's defense of claims arising out of the Walsh Payment in a certain securities lawsuit (the "Franklin case").  As to interest, attorneys' fees incurred in connection with this litigation, and punitive damages, it was determined at the July 6 hearing that Tyco had not lost the right to pursue those damages based on the conduct of discovery.  Judgment was reserved as to attorneys' fees arising out of the Boies Schiller investigation and the Franklin case pending Tyco's production of documentation of its damages.

By letter dated July 13, Tyco's counsel sought "to correct certain statements [counsel] made on Tyco's behalf regarding proof of damages for attorneys' fees and expenses incurred by Tyco that relate to Walsh's conduct."  Specifically, Tyco sought to expand its damages claim to include damages beyond those identified on the record at the July 6 hearing, including, among other things, "a portion of over $300 million in attorneys' fees and expenses in the eight years of litigation that followed the Walsh Payment disclosure."

At a July 15 hearing, Tyco's request to expand its damages

3

claim beyond those categories of damages identified at the July 6 hearing was denied.  This ruling was based, in part, on a finding that "there would be severe prejudice to so dramatically expand the damages theory" on the eve of trial.  In addition, it was determined that

> Tyco was motivated in preparing for the July 6 conference and in presenting its theory of damages on July 6 by a consciousness that its damages claims had been vague and undefined during the course of this litigation and it was trying at this point to become more concrete in a reasonable way where it could identify damages that did not depend upon expert discovery or an expert report.[1]

It was determined, however, that Tyco would be permitted to seek damages based on the attorneys' fees and costs incurred in connection with the Boies Schiller investigation and the Franklin case.

On August 6, Tyco moved in a separate action pending in New York Supreme Court for leave to amend its responsive pleading, Fed. Ins. Co. v. Tyco Int'l Ltd., No. 600507/03 (N.Y. Sup. Ct.) (the "State Court Action"), to add an additional counterclaim against Walsh for breach of fiduciary duty.  Prior to its motion to amend, Tyco had pending a single counterclaim against Walsh in the State Court Action to recover from Walsh the defense costs that had been paid to Walsh by Federal Insurance Company under a Directors and Officers ("D&O") insurance policy.  Tyco's

---

[1] Tyco had not filed an expert report to support its claims against Walsh during the period permitted for expert discovery.

4

proposed second counterclaim in the State Court Action is, like its claim for breach of fiduciary duty in this action, predicated on the Walsh Payment.  In its proposed counterclaim, Tyco alleges that it "has suffered damages as a result of Walsh's breach of fiduciary duties and bad acts, including but not limited to the additional premium payments associated with the workout of such directors and officers liability insurance policies in the amount of $92 million."  Tyco alleges that "Walsh is therefore liable to Tyco for <u>all the loss</u> suffered by Tyco as a result of Walsh's conduct, including costs associated with the workout of Tyco's directors and officers liability insurance policies."  (Emphasis added.)

On August 19, Walsh moved to enjoin Tyco from seeking damages from Walsh for breach of fiduciary duty based on the Walsh Payment in any proceeding other than the instant action, including the State Court Action.  Tyco filed its opposition to Walsh's motion on August 26 and the motion was fully submitted on August 30.


DISCUSSION

The Anti-Injunction Act provides:  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or

5

effectuate its judgments." 28 U.S.C. § 2283; <u>Spiegel v. Schulmann</u>, 604 F.3d 72, 79 (2d Cir. 2010). "It is well settled that the Act applies to injunctions that prohibit a person from litigating in a state court, as well as injunctions that directly stay proceedings in a state court." <u>Smith v. Woosley</u>, 399 F.3d 428, 431 (2d Cir. 2005) (citing <u>Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs</u>, 398 U.S. 281, 287 (1970)). Only the third exception in the Anti-Injunction Act is conceivably relevant here.

A federal court has power under the Anti-Injunction Act "to issue an injunction 'to protect its judgments' from further litigation in state courts under the 'relitigation exception' to the broad prohibition of the Anti-Injunction Act." <u>Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas</u>, 500 F.3d 111, 123 n.15 (2d Cir. 2007) (citing <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 147 (1988)). "The relitigation exception authorizes an injunction to protect against relitigation of 'claims or issues' that '<u>actually have been decided by the federal court</u>.'" <u>Smith</u>, 399 F.2d at 434 (quoting <u>Choo</u>, 486 U.S. at 148)) (emphasis added). "In other words, the relitigation exception permits a preemptive strike that avoids the need to assert prior adjudication defenses in a state court when faced with claims that have already been rejected in a federal court." <u>Smith</u>, 399 F.3d at 434. The Second Circuit has held that the

6

relitigation exception applies to certain interlocutory orders, see Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 248-49 (2d Cir. 1961) (protective order prohibiting use of discovery obtained in federal action in state action), as well as all final orders from which an appeal lies.  See ACLI Gov't Secs., Inc. v. Rhoades, 963 F.2d 530, 533-34 (2d Cir. 1992) (post-judgment ruling on Rule 60(b) motion).

The relitigation exception does not protect the full res judicata effect of a judgment; rather, it extends only to matters that actually have been decided by a federal court. Smith, 399 F.3d at 434 n.8; see also Staffer v. Bouchard Transp. Co., Inc., 878 F.2d 638, 643 (2d Cir. 1989).  "[T]his prerequisite is strict and narrow."  Choo, 486 U.S. at 148. "Undoubtedly, res judicata can bar claims that might and should have been raised but were not, but, for Anti-Injunction Act purposes, only 'relitigation' can be enjoined."  Staffer, 878 F.2d at 643 (citation omitted).  "[T]he proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court, which is presumed competent to resolve such matters."  Id. (citation omitted); see also Atl. Coast Line, 398 U.S. at 287 ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately

[the Supreme] Court.").

Furthermore, an "injunction of state court proceedings, even where warranted, is discretionary" and "the Supreme Court has admonished lower courts to refrain from enjoining state court proceedings unless absolutely necessary." Staffer, 878 F.2d at 644 (citation omitted). Thus, the Supreme Court has interpreted the phrase "to protect and effectuate its judgments" as "authoriz[ing] a federal injunction of state proceedings only 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986) (quoting Atl. Coast Line, 398 U.S. at 295).

In this case, the July 15 ruling is not a judgment on the merits of Tyco's breach of fiduciary duty claim, and therefore has no preclusive effect on Tyco's proposed counterclaim in the State Court Action. Instead, the July 15 ruling is an interlocutory decision on the scope of damages that Tyco may pursue in this action based on an application of the Federal Rules of Civil Procedure. Although the Second Circuit has held that the relitigation exception applies to certain interlocutory orders, an injunction is nonetheless inappropriate unless necessary to prevent relitigation of an issue actually decided by the federal court. Because Tyco's pursuit of its proposed

8

counterclaim in the State Court Action will not require relitigation of the scope of damages that Tyco will pursue at the trial of this case, the relitigation exception to the Anti-Injunction Act does not apply.[2]

Even if the relitigation exception applied, Tyco's pursuit of its proposed counterclaim in the State Court Action would not so interfere with this Court's consideration or disposition of this case as to warrant an injunction.  While Tyco's proposed counterclaim may be duplicative of its breach of fiduciary duty claim here, Tyco is free to pursue its claim simultaneously in both fora.  See Parsons Steel, 474 U.S. at 525 ("[T]he state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts." (citation omitted)).[3]

After Tyco's claim has been adjudicated on the merits at the upcoming trial in this action, the state court will be competent to determine the preclusive effect of this Court's

---

[2] Furthermore, the state court has not yet ruled on Tyco's motion for leave to amend, and may in fact deny Tyco's application to add a counterclaim for breach of fiduciary duty against Walsh as part of that action.

[3] This is not to say that Tyco will be able to recover on its breach of fiduciary duty claim in both actions, even under different theories of recovery.  Because trial on Tyco's claims in this action is less than six weeks away, Tyco's assertion of its breach of fiduciary duty claim in the State Court Action may prove short-lived.

judgment based on federal res judicata rules. See Ins. Co. of Pa. v. HSBC Bank USA, 882 N.E.2d 381, 385 n.3 (N.Y 2008) (acknowledging that "a court should apply the rules of res judicata followed in the jurisdiction that rendered the earlier court decision"). Accordingly, even if the injunction requested by Walsh were covered by the relitigation exception, this Court would decline to exercise its discretion to enjoin Tyco from pursuing its proposed counterclaim in the State Court Action.

## CONCLUSION

Walsh's August 19, 2010 motion to enjoin Tyco from seeking damages from Walsh for breach of fiduciary duty based on the Walsh Payment in the State Court Action is denied.

SO ORDERED:

Dated:   New York, New York
         September 1, 2010

          _____
          DENISE COTE
          United States District Judge