UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TYCO INTERNATIONAL LTD.,                :
                        Plaintiff,      :
                                        :     02 Civ. 4633 (DLC)
                                        :
            -v-                         :     OPINION & ORDER
                                        :
                                        :
FRANK E. WALSH, JR.,                    :
                        Defendant.      :
                                        :
----------------------------------------X

Appearances:

For Plaintiff:
Mark Levine
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654

Bryan Leach
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202

For Defendant:
Michele L. Pahmer
Jeremy Rosof
Elizabeth Cronise
Rodger Pichardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038


DENISE COTE, District Judge:

     On September 17, 2010, plaintiff Tyco International Ltd.

("Tyco") filed motions in limine for an order (1) excluding the

testimony of Andrew Martin, who is offered as an expert on

Bermuda law by defendant Frank E. Walsh, Jr. ("Walsh"); (2) excluding testimony regarding additional compensation received by Tyco directors other than Walsh; and (3) excluding evidence of Walsh's reliance on advice of counsel in connection with his receipt of $20 million from Tyco.  Plaintiff's motion to exclude the testimony of Martin and its motion to exclude evidence of Walsh's reliance on counsel are denied.  Plaintiff's motion to exclude testimony regarding compensation received by other Tyco directors is granted in part, but conditionally.

1.  Tyco's Motion to Exclude the Testimony of Andrew Martin

Tyco argues that Martin's expert testimony on Bermuda law should be barred because the deadline for submitting expert reports was March 24, 2008, and Walsh failed to identify Martin or to submit his report at that time.  There is no dispute, however, that Bermuda's law is relevant to this action.

Tyco identifies itself as a Bermuda corporation in the caption and body of its complaint.[1]  In its first cause of action, which is for restitution, Tyco asserts that "Tyco's Bye-Laws and Bermuda law (the jurisdiction of Tyco's incorporation)" require Board approval of any payment of compensation to any director.  In conferences with the Court on July 15 and 29,

---

[1] Tyco further alleges that its principal U.S. subsidiary has its principal place of business in New Hampshire and offices in New York and Florida.

2010, Walsh's counsel referred to its intention to raise Bermuda law as a defense; on neither occasion did Tyco express surprise. In a letter of August 19, 2010, Walsh's counsel gave written notice of its intent to raise Bermuda law issues in its defense. Walsh first disclosed its intention to call an expert at trial, and identified Martin as that expert, on September 15, 2010, when the parties exchanged witness lists for the pretrial order. Martin's affidavit was served on Tyco on September 17.

Rule 44.1 requires a party who intends to raise an issue about a foreign country's law to "give notice by a pleading or other writing." Fed. R. Civ. P. 44.1. Tyco does not contend that there has been a violation of this requirement or any unfair surprise that the Court will be required to determine choice of law issues, and in particular whether Bermuda law applies to its claims. Indeed, Tyco would be hard pressed to take such a position since its own pleading raises those issues.

Rule 44.1 further provides that a court, in determining foreign law, may consider "any relevant material or source, including testimony . . . ." Id. Any ruling on foreign law is identified in Rule 44.1 as a "question of law." Id. The Rule permits the court to conduct its "own research and interpretation" into the content of foreign law. Ackermann v. Levine, 788 F.2d 830, 838 n.7 (2d Cir. 1986). "Ultimately, the responsibility for correctly identifying and applying foreign

3

law rests with the court."  Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd., 426 F.3d 580, 586 (2d Cir. 2005).

While the parties dispute whether an affidavit providing the opinion of an expert in foreign law must be disclosed in accordance with the timetable mandated by Fed. R. Civ. P. 26, it is unnecessary to resolve that dispute here.  As recognized in the sole authority upon which Tyco relies that emanates from this Circuit, it would be "counter-productive" to strike the affidavit.  Silberman v. Innovation Luggage, Inc., No. 01 Civ. 7109 (DF), 2002 WL 31175226, at *3 (S.D.N.Y. Sept. 30, 2002). Since a court has an independent duty to determine foreign law if choice of law principles require its application, and may turn to any relevant source, the application to strike the Martin affidavit will be denied.

The parties have had the opportunity to brief choice of law issues and the substance of relevant foreign law in their trial submissions.  The Court will give the Martin testimony, including his cross examination at trial, such weight as it finds it deserves in light of all of the evidence of Bermuda law that it acquires.  Tyco has had a full opportunity to consider whether the law of its state of incorporation should be applied to its causes of action and to present the substance of that law for consideration at trial.

2.  Tyco's Motion to Exclude Evidence of Director Compensation

Tyco moves to exclude evidence regarding additional compensation received by Tyco directors other than defendant Walsh.  The motion is granted in part, but conditionally.

Tyco has sued Walsh in seven causes of action for receiving, without board authorization, $20 million from Tyco in connection with Walsh's role in Tyco's acquisition of CIT Group, Inc.  At trial, Walsh seeks to offer evidence that Tyco paid its director Joshua Berman $30,000 a month for consulting fees without board approval[2]; that Tyco made charitable contributions on behalf of certain directors without board approval; and that director Peter Slusser believed he would be entitled to an investment banking fee for having introduced Tyco to an acquisition candidate in the event the acquisition occurred.

Tyco contends that this evidence of the compensation to directors other than Walsh is not relevant to its claims against Walsh and would also burden the trial with mini-inquiries regarding these irrelevant events.  Walsh asserts that Tyco's practice in paying directors without board approval is admissible under Fed. R. Evid. 406, as evidence of a "routine practice" of an organization to prove that the organization

---

[2] Walsh seeks to offer testimony that Tyco's Rule 30(b)(6) witness testified that the consulting fee payments to Berman did not require board approval.

acted "in conformity" with that practice in making its payment to Walsh.

As a Bermuda corporation, Tyco is required to follow its Bye-Laws. Bermuda Companies Act of 1981, § 13(1). Section 65(1) of Tyco's Bye-Laws requires that the directors "determine" the remuneration of each director. As a Tyco director, Walsh was required to adhere to his company's Bye-Laws, and Tyco's alleged failure to follow its Bye-Laws on other occasions is not a defense to the claims Tyco has filed against Walsh.

But, in this lawsuit Tyco seeks not only the return of the $20 million from Walsh,[3] but other damages as well, including punitive damages. A separate opinion will address whether Tyco is entitled to receive punitive damages from Walsh in the event Walsh is found liable. Should Tyco have a right to seek punitive damages, then evidence of its custom and practice with respect to extraordinary payments to directors other than Walsh may be admissible. In such circumstances, evidence regarding the payment to Berman and the charitable contribution on behalf of directors would be admitted. Since no payment was made to Slusser, Tyco's motion to preclude evidence of Slusser's belief about his entitlement to such a payment is granted. It would be a matter of speculation whether any payment to Slusser would have been made without the prior knowledge and approval of

---

[3] Walsh repaid the $20 million to Tyco on December 17, 2002.

Tyco's board, and thus, the evidence of Slusser's belief as to his entitlement to a payment is excluded under Fed. R. Evid. 401 and 403.

3.  Tyco's Motion to Exclude Evidence of Reliance on Counsel

Tyco moves to exclude any evidence or argument concerning legal advice defendant Walsh received in connection with his receipt of $20 million from Tyco.  The motion is denied.

During the discovery proceedings in this action before the MDL court, Walsh's counsel sought to depose two attorneys for Tyco about Walsh's interaction with Tyco's board.  As Tyco explained to the MDL court, "[i]n response, and to preserve its rights and defenses, Tyco identified Walsh counsel, Joel Cohen and James Tannenbaum, as deponents in the event … depositions [of any counsel] would become necessary."  Tyco conveyed to the court that Tyco would willingly abstain from pursuing discovery from Walsh's counsel "if no outside counsel were deposed," and exhorted the MDL court to adhere to its ordinary practice of discouraging depositions of counsel.  Cohen had acted as Walsh's criminal counsel in connection with the criminal investigation and prosecution conducted by the New York District Attorney's Office, and Tannenbaum had written a letter that Walsh read to Tyco's board at a January 16, 2002 meeting in which Walsh asserted that he was entitled to keep the $20 million payment.

The MDL court granted Walsh's motion for a protective order on May 14, 2007, ruling that "Tyco has advanced no legitimate basis to designate counsel for deposition."

In opposition to this motion, Walsh explains that he is not relying on the Tannenbaum letter to assert that he did not breach his fiduciary duty to Tyco.  Instead, to the extent Tyco is permitted to seek punitive damages, Walsh will rely on the letter to assert that his conduct was not "willful."

The Tannenbaum letter will be admitted at trial.  To the extent that it is offered to show what occurred at the January 16, 2002 meeting of the board, then it will be received not for its truth, but to show what was communicated by Walsh to his fellow directors at the meeting.

In the event that Tyco is permitted to seek punitive damages from Walsh, then the letter will also be received on the issue of Walsh's willfulness.  As the procedural history recited above demonstrates, Tyco did not actually seek to depose Tannenbaum during the period allotted for discovery.  Rather, in order to strengthen its hand in opposing Walsh's request to depose Tyco attorneys, Tyco served a responsive notice of an intent to take the depositions of Walsh's criminal and civil counsel.  Failing to articulate any legitimate need to depose Walsh's counsel, Tyco's notices of deposition were quashed. Tyco having effectively waived its right to pursue this

8

discovery, it cannot prevent Walsh from testifying at trial about his reliance on Tannenbaum's advice in the event the issue of his willfulness is at issue.

CONCLUSION

Tyco's September 17, 2010 motions to exclude the testimony of Andrew Martin and evidence of Walsh's reliance on advice of counsel are denied.  Tyco's September 17, 2010 motion to exclude testimony related to compensation received by other Tyco directors is granted in part.

SO ORDERED:

Dated:     New York, New York
           October 4, 2010

_____
DENISE COTE
United States District Judge

9