```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TYCO INTERNATIONAL LTD.,                :
                    Plaintiff,          :
                                        :   02 Civ. 4633 (DLC)
                                        :
            -v-                         :   OPINION & ORDER
                                        :
                                        :
FRANK E. WALSH, JR.,                    :
                    Defendant.          :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Mark Levine
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654

Bryan Leach
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop Street, 8th Floor
Denver, CO 80202

For Defendant:
Michele L. Pahmer
Jeremy Rosof
Elizabeth Cronise
Rodger Pichardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038


DENISE COTE, District Judge:

   On September 17, 2010, defendant Frank E. Walsh, Jr. ("Walsh") moved in two separate motions in limine to preclude evidence at trial of certain damages that plaintiff Tyco

International Ltd. ("Tyco") asserts that it sustained from Walsh's breach of his fiduciary duty to Tyco when he accepted a payment of $20 million from Tyco while he was a Tyco director. The motions are denied.

Tyco claims that Walsh's misconduct as a Tyco director resulted in the initiation of an internal investigation by the law firm Boies, Schiller & Flexner LLP ("Boies Schiller") and the filing of a securities fraud lawsuit by Franklin Mutual Advisers, LLC ("Franklin") against it.  It seeks recovery of the attorney's fees associated with both events.  In addition to various legal defenses, Walsh moves in limine to preclude certain evidence of these alleged damages.

1.  Boies Schiller Investigation

Tyco retained Boies Schiller to conduct an investigation of Tyco's payment of $20 million to Walsh.  The investigation began in May 2002, and through this motion Walsh seeks to exclude evidence of only those legal fees incurred by Tyco for this investigation in June 2002 in the amount of almost $53,000. This amount represents 5% of the June time that Boies Schiller billed for its work on the Tyco matter; during June its investigation expanded to include issues beyond the payment to Walsh.  Tyco produced time entries for seven attorneys to support the June calculation and Walsh deposed David Boies, the

lead attorney in the investigation, regarding the work done by his firm to investigate the Walsh payment.

The motion to exclude evidence of the attorneys fees underlying the request for the damages associated with the Boies Schiller investigation in June 2002 is denied.  Tyco has shown that the evidence is properly admitted at trial.  The accuracy of the allocation of 5% for the June work will be resolved at trial.

2.  <u>Franklin</u> Litigation

Walsh asserts that a chart demonstrating the attorneys fees incurred in the <u>Franklin</u> "opt-out" securities litigation should be excluded.  The <u>Franklin</u> case was the first of several opt-out cases to be filed against Tyco after the settlement of the securities class action litigation filed against the company.  The <u>Franklin</u> litigation included three rounds of briefing over an 18-month period from September 2007 through March 2009.

The chart was produced to Walsh in mid-July 2010, and shows the amount of time purportedly spent by each timekeeper defending Tyco against the <u>Franklin</u> litigation, separated into columns of information such as date, hours, description of task, the percentage of the hours allocated to the <u>Franklin</u> litigation, and the total fee sought in damages.  In total, the chart indicates that Tyco is seeking over $340,000 in attorneys'

3

fees for the work of 29 timekeepers in the Franklin litigation. The allocation of the work to the Franklin litigation was apparently done by Brian Pumphrey, an associate at the McGuireWoods law firm who was familiar with the work done by that firm for Tyco. In order to test the reliability of the allocation of time to the Franklin litigation, Walsh was given the opportunity to depose timekeepers. Walsh also sought but did not receive time records reflecting the other work in which the timekeepers were involved during the periods reflected on the chart.

The only column of information in the chart that is not taken directly from the McGuireWoods electronic billing system is the allocation column. Walsh's various objections to the receipt at trial of the other columns on the chart are overruled. The extent to which the allocation shown in the chart is reliable will be shown at trial.

As for Walsh's argument that he was denied access to surrounding time entries, that is not a basis for excluding the chart. The parties raised several discovery disputes with the Court, but Walsh chose not to raise this one. Walsh did not, therefore, preserve his right to receipt of such additional discovery.

CONCLUSION

The September 17, 2010 motions in limine to preclude evidence of damages associated with the Boies Schiller investigation and the Franklin litigation are denied.

SO ORDERED:

Dated:   New York, New York
         October 4, 2010

                                    _____
                                         DENISE COTE
                                    United States District Judge